IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES D. MARKS,
No. 06023-033,

Petitioner,

vs.

JAMES N. CROSS,

Respondent.                           Case No. 14-cv-00099-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner James D. Marks is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, serving a 116-year sentence based on armed robbery and weapons charges. *United States v. Marks*, No. 97-cr-24-2 (W.D. Ky. Aug. 31, 1998), *aff'd* 209 F.3d 577 (6th Cir. 2000). On January 28, 2014, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Marks argues that his First Amendment right to access the courts was denied when his petition/motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. It is not entirely clear which of several Section 2255 rulings he is challenging.

The Court will assume that Marks is taking issue with *United States of America v. Marks*, Nos. 97-cr-24-2; 01-cv-605 (W.D. Ky. July 12, 2002), which is the only Section 2255 motion specifically mentioned in the petition. He seeks reinstatement and/or reconsideration of his Section 2255 motion, complete with

an evidentiary hearing as prescribed in Section 2255(b). Marks does not otherwise attack his conviction, sentence, or the duration of his confinement.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

### Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement.  *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

Marks does not attack the duration of his confinement, *per se*.  Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief. Having been denied permission by the Court of Appeals for the Sixth Circuit to file a successive Section 2255 motion (*In re Marks*, No. 04-6049 (6th Cir. May 2,

2005)), it appears that Marks is attempting to use this court as a back door of sorts, to allow him to present a successive, redundant Section 2255 motion attacking his conviction and sentence, skirting the requirements for bringing a successive petition (*see* Section 2255(h), (e). In any event, his Section 2241 petition must be dismissed.

In *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000), the Seventh Circuit cautioned: "a district court presented with a petition for a writ of habeas corpus under [Section] 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under [Section] 2255 also cannot proceed under [Section] 2241." In addition, in *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011), the Court of Appeals for the Ninth Circuit reasoned that, under the gateway offered in Section 2255(e), Section 2241 can be utilized where a petition purportedly brought under Section 2241 is merely a "disguised" Section 2255 motion, and the petitioner has not secured a certificate of appealability (which is likely Marks' situation), *if* the petitioner claims actual innocence *and* "'has not had an unobstructed procedural shot at presenting that claim.'" *Id*. at 1047 (quoting *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006)).

Marks presents <u>no</u> argument regarding actual innocence, which, alone, dooms his petition under the safety valve offered by Section 2255(e). He, however, does assert that he was denied an unobstructed opportunity to present his arguments—whatever they may be—because he was denied a hearing.

"A [Section] 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief.  A hearing, though, is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.' "  *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)) (other internal citations omitted).

Although Marks' Section 2255 motion and the district court's ruling are unavailable to this court at this time, Marks does not take issue with the district court's decision.  Rather, he relies entirely upon the bald assertion that he *must* be afforded a hearing under the First Amendment, which clearly is not the law.  Therefore, his Section 2241 petition will be dismissed.  Out of an overabundance of caution, given the absence of available information regarding the Section 2255 motion and ruling, and in recognition of Marks' *pro se* status, dismissal shall be without prejudice and Marks shall be given an opportunity to amend his petition.  Any amended petition will have to undergo preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **March 19, 2014,** petitioner Marks shall file an amended Section 2241 petition.  If an amended petition is not

filed by the prescribed deadline, this action will be dismissed with prejudice and final judgment will enter accordingly.

**IT IS SO ORDERED.**

**Signed this 19th day of February, 2014.**

Digitally signed by David R. Herndon
Date: 2014.02.19 15:20:35 -06'00'

**Chief Judge
United States District Court**