IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES D. MARKS,
No. 06023-033,

        Petitioner,

vs.                                             Case No. 14-cv-00099-DRH

JAMES N. CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner James D. Marks is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, serving a 116-year sentence based on bank robbery and weapons charges.[1] *See United States v. Marks*, No. 97-cr-24-2 (W.D. Ky. Aug. 31, 1998), *aff'd* 209 F.3d 577 (6th Cir. 2000) (relative to Marks' Section 2255 petition). On January 28, 2014, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). For a variety of reasons, that petition was dismissed without prejudice and Marks was invited to file an amended petition (Doc. 3). The amended petition (Doc. 4) is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

---

[1] Although, due to the age of the conviction, there is limited information available, based on the amended petition and publicly available court records, it appears that petitioner Marks pleaded guilty and did not file a direct appeal of his conviction and sentence, but he did seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Marks*, No. 97-cr-24-2 (W.D. Ky. Aug. 31, 1998), aff'd 209 F.3d 577 (6th Cir. 2000) (relative to Marks' Section 2255 petition).

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Discussion

The petition presents two grounds for relief:

Ground 1: Marks was denied his First Amendment right when the district court ruled on his Section 2255 motion to vacate, set aside or correct his sentence without affording him an evidentiary hearing; and

Ground 2: Marks is "actually innocent" of bank robbery in violation of 18 U.S.C. § 2113 because the government failed to charge and prove that he robber a "bank" as defined under Section 2113(f).

Relative to Ground 2, Marks contends that "the rule of lenienty" should permit consideration of his argument, in that he was denied an evidentiary hearing, as argued in Ground 1. Grounds 1 and 2, whether considered individually or together, fail for the reasons that follow.

## Section 2241 as an Avenue for Relief

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*,

695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Petitioner challenges his conviction and sentence, making Section 2255, not Section 2241, the primary avenue for relief.

Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e), where a remedy under Section 2255 is inadequate or ineffective to test the legality of detention. 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

With respect to the applicability of the savings clause, the Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See In re Davenport*, 147 F.3d at 610-12. *See also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Petitioner cites no new cases. Rather, he attempts to use Ground 1 to leverage consideration of Ground 2. More to the point, having been denied permission by the Court of Appeals for the Sixth Circuit to file a successive Section 2255 motion (*In re Marks*, No. 04-6049 (6th Cir. May 2, 2005)), it appears that Marks is attempting to use this Court as a back door of sorts, to allow him to present a successive, redundant Section 2255 motion attacking his conviction and sentence (re-presenting Ground 2), skirting the requirements for bringing a successive petition (*see* Section 2255(h), (e)).

**<u>Ground 1</u>**

Marks argues that his First Amendment right to access the courts was denied when his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. More specifically, Marks is taking issue with *United States of America v. Marks*, Nos. 97-cr-24-2; 01-cv-605 (W.D. Ky. July 12, 2002) (the only Section 2255 motion specifically mentioned in the amended petition). Petitioner seeks reinstatement and/or reconsideration of his Section 2255 motion, complete with an evidentiary hearing as prescribed in Section 2255(b).

"A [Section] 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. A hearing, though, is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Lafuente v. United States*, 617 F.3d

944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)) (other internal citations omitted).

Although Marks' Section 2255 motion and the district court's ruling are unavailable to this court at this time, Marks does not take issue with the district court's decision.[2] Rather, he relies entirely upon the bald assertion that he *must* be afforded a hearing under the First Amendment, which clearly is not the law. Therefore, Ground 1 is without merit.

**Ground 2**

Marks was convicted of multiple counts of bank robbery and armed bank robbery under 18 U.S.C. § 2113. In Ground 2, Marks contends that he is "actually innocent" of bank robbery in violation of 18 U.S.C. § 2113 because the government failed to charge and prove that he robber a "bank" as defined under Section 2113(f). subparagraph (f) defines "bank" for purposes of the statutory offense as, in relevant part, "any member of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operated under the laws of the United States…." 18 U.S.C. § 2113(f).

Marks presented this argument in his Section 2255, and it was rejected by the district court and the appellate court. *See United States v. Marks*, 209 F.3d 577, 584 (6th Cir. 2000).

---

[2] The appellate court concluded that the evidence in the record sufficiently satisfied Section 18 U.S.C.§ 2113(f). Petitioner offers no indication why a hearing was or is now necessary. *United States v. Marks*, 209 F.3d 577, 584 (6th Cir. 2000)

> The Government also established through the testimony of bank employees in both trials that the banks were federally insured. In Aguon's trial, the Government also submitted certificates of insurance for the banks from the Federal Deposit Insurance Corporation ("FDIC"). At trial, none of the Defendants challenged the federally insured status of the banks.
> This Court has held similar evidence as sufficient proof of a bank being federally insured. *See United States v. Wood*, 780 F.2d 555, 556–57 (6th Cir.1986) (holding that the unrebutted testimony of a bank security officer was sufficient). *See also United States v. Harris*, 165 F.3d 1062, 1066 (6th Cir.1999); *United States v. Rowan*, 518 F.2d 685, 692–93 (6th Cir.1975). Considering this evidence in the light most favorable to the Government, we find that there was sufficient evidence for the jury to find beyond a reasonable doubt that the robbed banks were federally insured. Accordingly, we reject this claim of error.

*Marks*, 209 F.3d at 584.

Marks presents <u>no</u> argument or new case that would suggest that Section 2255 is or was an inadequate or ineffective remedy. Section 2255 has been an unsuccessful remedy, which does not make Section 2255 an inadequate or ineffective remedy. Therefore Ground 2 is without merit.

## **Conclusion**

Petitioner Marks has had two opportunities to plead why Section 2255 is an inadequate or ineffective remedy and he has failed to do so. He will not be given a third opportunity. *See generally Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (observing that one opportunity to amend ensures fair access to the courts).

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** with prejudice.  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**Signed this 15th day of July, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.07.15
16:55:48 -05'00'

**Chief Judge**
**United States District Court**